**No. 41523.**—Protests 933254–G, etc., of M. Pressner & Co. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel metal flutes like those the subject of Abstract 40185 were held dutiable at 45 percent under paragraph 397, and wooden lacquered cabinets at 33⅓ percent under paragraph 412. Abstract 37636 followed.

**No. 41524.**—Protests 949386–G, etc., of M. Pressner & Co. et al. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel harmonicas like those the subject of Abstract 40586 were held dutiable at 40 percent under paragraph 1541 and paper play balls at 35 percent under paragraph 1413. Abstract 40492 followed.

**No. 41525.**—Protests 833173–G, etc., of MacDonald & Co. et al. (San Francisco).

Opinion by FIRST DIVISION. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, JUNE 5, 1939

**No. 41526.**—Protests 453470–G, etc., of Saks & Co., Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel atomizers, vases, boxes, trays, lamps, and tantalus sets chiefly used in the household for utilitarian purposes and hollow flacons, boxes, and bottles were held dutiable as household utensils or hollow ware at 40 percent under paragraph 339 as claimed. United States v. Friedlaender (21 C. C. P. A. 103, T. D. 46445), Dow v. United States (id. 282, T. D. 46816), Rice v. United States (T. D. 49373), and Viking Trading Co. v. United States (C. D. 132) followed.

**No. 41527.**—Protest 315019–G of Weiss & Biheller (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of atomizers similar to those passed upon in Rice v. United States (T. D. 49373). The claim at 40 percent under paragraph 339 was therefore sustained.

**No. 41528**—Protests 944041–G, etc., of Otis, McAllister & Co. (San Francisco).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of bale ties similar to those the subject of Wilbur-Ellis v. United States (26 C. C. P. A. 403, C. A. D. 47). The claim for free entry as agricultural implements under paragraph 1604 was therefore sustained.